UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| Chem Rx Pharmacy Services, LLC f/k/a Chem Rx Acquisition Sub, LLC, As Assignee of Chem Rx New Jersey LLC,<br><br>Plaintiff<br><br>v.<br><br>Berkeley Heights Convalescent Center, LLC d/b/a Berkeley Heights Nursing and Rehabilitation Center, et al.,<br><br>Defendants. | DOCKET NO. 2:17-cv-493 (SDW/LDW)<br><br>CIVIL ACTION<br><br>**STIPULATED QUALIFIED PROTECTIVE ORDER (HIPAA) AND CONFIDENTIALITY ORDER** |

Plaintiff/Counter-Defendant Chem Rx Pharmacy Services, LLC f/k/a Chem Rx Acquisition Sub, LLC as Assignee of Chem Rx New Jersey LLC, and Defendants/Counterclaimants Berkeley Heights Convalescent Center, LLC d/b/a Berkeley Heights Nursing and Rehabilitation Center, Senior Care of Hamilton, LLC d/b/a Hamilton Continuing Care Center, and Delaire Nursing and Rehabilitation Company, LLC d/b/a Delaire Nursing and Convalescent Center (Plaintiff and each Defendant are a "Party" and together are the "Parties"), by and through their respective counsel, have consented to the entry of this Stipulated Qualified Protective Order (HIPAA) and Confidentiality Order for the protection of Confidential Materials produced by the Parties in *Chem Rx Pharmacy Services, LLC v. Berkeley*

*Heights Convalescent Center, LLC, et al.*, Docket No. 2:17-cv-493-SDW-LDW (the "Action"), and for the disclosure of third-party confidential personal and/or medical information.

The Parties desire that Confidential Materials not be used outside of the scope of this Action or disclosed to anyone other than those designated herein. This Agreed Confidentiality Order is necessary because certain documents that will be produced in discovery contain confidential and sensitive business information and protected health information, as that term is defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Therefore, the Parties request that the Court enter this Agreed Confidentiality Order.

In order to protect the confidentiality of materials produced by any Party to this Action or any third-party subpoenaed to produce documents or information in this Action to the greatest extent possible consistent with the requesting Party's desire to examine and use the documents and materials in the course of the Action, and balancing the interests of the Parties and non-Parties concerning dissemination of discovery material, the Court hereby

ORDERS and ADJUDGES that

1. The provisions of this Order shall apply to (i) the named Parties to this Action and (ii) any other persons or entities producing or disclosing Confidential Material in this Action who agrees to be bound by the terms of this Order.

2. "PHI" or "Protected Health Information" shall have the same scope and definition as set forth in 45 CFR 160.103 and 164.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. "Confidential Material" shall mean all information or documents, regardless of form, containing PHI and all information or documents containing trade secrets and other commercially sensitive information of the Parties that are produced during discovery and other proceedings in this Action.

4. This Order shall govern Confidential Material produced or disclosed by either Party in response to formal or informal discovery conducted in this matter. Nothing in this Order shall be deemed to preclude the Party claiming confidentiality rights to a) oppose discovery on grounds not addressed under the terms of this Order or b) object on any grounds to the admission of any Confidential Material into evidence at trial or c) utilize or disseminate its Confidential Material for any purpose at its own discretion. Further, nothing contained in this Order shall prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of the Confidential Material sought.

5. The Party claiming confidentiality may designate all or any portion of the documents, things, and information it produces formally or informally to other parties to this litigation as Confidential Material. The designation of Confidential Material may be made by any practicable means, including placing on the thing so designated, such that it will not interfere with its legibility, an appropriate notice such as the following: CONFIDENTIAL MATERIAL. A document or other material shall not be deemed Confidential Material and therefore subject to the restrictions of this Order unless such document or other material is marked or otherwise denoted as Confidential Material. Confidential Material will be Bates stamped, if appropriate. All materials designated as Confidential Material shall be treated as such pursuant to the terms of this Order until further order by this Court. The Party claiming confidentiality may only designate documents, things and information as "Confidential Material" pursuant to this

paragraph upon making a good faith determination that the documents, information or things so designated meet the definition of Confidential Material set forth in paragraph 3.

6. The Parties and their attorneys are authorized to exchange Confidential Material, including confidential personal information and medical information, in connection with the prosecution or defense of claims asserted in this action.

7. In the absence of the express written consent of the disclosing Party, and, in the case of Confidential Material containing PHI the express written consent of the relevant patient or resident whose information may be disclosed by the communication or distribution of any Confidential Material, Confidential Material shall not be disclosed to any person other than:

a. counsel of record and other counsel for the named Parties and counsels' employees;

b. paralegal, secretarial, administrative and legal personnel not employed by counsel for the named Parties, but working under the direction and control of those counsel of record;

c. the Court (including court reporters, stenographic reporters, and court personnel);

d. the named Parties, their officers, directors, employees or agents of any named party, if the Confidential Material is required for a party's case preparation;

e. expert witnesses and consultants and their secretarial or clerical staff, retained by any named Party who have first consented to this Order and the Agreement to by bound by its terms;

f. deponents (including the stenographic reporters and video technicians); and

g. witnesses and potential witnesses if the Confidential Material is required for a Party's case preparation.

h. Further access may be agreed upon by the Parties documented in writing or requested by any Party by motion filed with this Court and approved by this Court.

8. Each person given access to Confidential Material pursuant to the terms hereof shall be advised that (i) the Confidential Material is being disclosed pursuant to and subject to the terms of this Confidentiality Order and may not be disclosed other than pursuant to the terms hereof, and (ii) that the violation of the terms of this Confidentiality Order (by use of the Confidential Material) in any impermissible manner or for any impermissible purpose may constitute contempt of a court order.

9. In the case of deposition testimony, within ten business days of completion of the deposition, any Party may notify the other Parties that the deposition testimony contains Confidential Material, in which case the entire deposition transcript shall be treated as Confidential Material for thirty days following receipt by the deponent of the deposition transcript. Within thirty days of completion of the deposition, the Party desiring to treat portions of the deposition as Confidential Material shall designate the specific portions of the transcript to be treated as such and only such portions shall be treated as Confidential Material following the conclusion of the thirty-day period. Any deposition transcript containing Confidential Material shall bear the legend: "CONFIDENTIAL."

10. The Confidential Material, including confidential personal information and medical information obtained pursuant to this Order and all copies thereof must be returned to the entity providing the confidential personal information and medical information or destroyed within sixty (60) days after the conclusion of the Action (including appeals), whether by trial,

settlement or other conclusion, unless the disclosing Party has specifically given written permission for the retention of such records.

11. Confidential Material shall be subject to the following restrictions:

a. Confidential Material shall be used only for the purpose of this Action (including appeals) and not for any other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except those to whom it is necessary that such Material be given, shown, made available or communicated for the purposes permitted under this Order.

b. The Parties shall comply with all procedures set forth in L.Civ.R. 5.3 with regard to filing any documents with Confidential Material under seal. All pleadings, exhibits to pleadings, or other court filings which contain Confidential Material and which the Court orders sealed shall be excluded from public access pursuant to L.Civ.R. 5.3(f), and shall remain so unless and until the Court orders otherwise.

c. All exhibits to pleadings or other court filings which contain Confidential Material shall be labeled "CONFIDENTIAL -- Subject to Court Order" and filed under seal upon stipulation in accordance with L.Civ.R. 5.3, and shall remain under seal until the Court orders otherwise.

12. This Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of the Action, including, any appeals.

13. Neither the signing of this Order, nor the designation and disclosure of Confidential Material pursuant hereto shall be construed as a waiver of, or preclude any Party or

other person from raising, any objection to discovery or asserting any and all privileges otherwise available. Neither the designation by a Party of any document, information or deposition testimony as CONFIDENTIAL, nor its receipt by another Party, shall constitute any agreement that the document, information or deposition testimony is actually confidential. In the event that any Party to this lawsuit objects at any point in these proceedings to the designation of any document or information as CONFIDENTIAL, the Party shall state the grounds for the objection. The Parties shall thereafter try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting Party shall notify the producing Party in writing, and may seek appropriate relief from the Court, in accordance with L.Civ.R. 5.3(b)(5), including an order that the documents should not be treated as CONFIDENTIAL or filed under seal. Pending a court ruling, the documents must be treated as confidential. If the producing Party does not seek appropriate relief from the Court within fourteen days of service of the objecting Party's notice, the documents shall not be treated as CONFIDENTIAL or filed under seal.

14. Any material that was obtained by means other than through disclosure pursuant to this Order need not be treated as Confidential Material under the terms of this Order.

15. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential Material within a reasonable time

after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Order.

16. a. In the event that a Party inadvertently produces to any other Party any document that is subject to a recognized claim of privilege, for example, pursuant to the attorney client privilege or work product doctrine, the producing Party may retrieve the privileged documents as follows:

i. The producing Party must give written notice to all Parties who received copies of the produced document that said document is privileged and state the nature of the privilege.

ii. Upon receipt of such notice, all Parties who have received a copy of the privileged document shall promptly return it to the producing Party and destroy any other copies thereof.

b. No subsequent Motion to Compel the Production of the produced document may rely on an allegation that any privilege as to the document was waived by its production.

Dated: 9/11/2017

Leda Dunn Wettre

Honorable Leda Dunn Wettre
United States Magistrate Judge